# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DEBORAH FINLEY

## DEFENDANTS
Admin Recovery, LLC

**(b)** County of Residence of First Listed Plaintiff: Montgomery Co., PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Erie Co., NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen F. Gehringer, Esq., Law Offices of Bruce Shaw, LLC
2735 Terwood Road, Willow Grove, PA 19090 - 267-374-4290

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1331; 15 U.S.C. § 1692k(d); 28 U.S.C. § 1367
Brief description of cause:
Fair Debt Collection Act

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 30,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: N/A
DOCKET NUMBER: N/A

DATE: 04/20/2012
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| Deborah Finley,<br>　　　　Plaintiff, | COMPLAINT |
| v. | Case No. |
| Admin Recovery, LLC and Brian Malewski<br>　　　　Defendants. | JURY TRIAL DEMANDED |

## *INTRODUCTION*

1. The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## *JURISDICTION AND VENUE*

2. Plaintiff incorporates paragraph 1 as if fully set forth at length herein.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, et seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq., as well as other state law tort claims.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacted business here in Pennsylvania.

## THE PARTIES

6. Plaintiff incorporates paragraphs 1 through 5 as if fully set forth at length herein.

7. The Plaintiff, DEBORAH FINLEY, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing in that state and with an address of 366 Jefferson Drive, Southampton, PA.

8. Defendant, Admin Recovery, LLC, is a New York Limited Liability company engaged in the business of collecting debts with a business address of 9159 Main Street, Clarence, NY 14031 and a registered address of 5930 Main Street, Williamsville, NY 14221. A true and correct copy of the NYS Department of State online business entity information is attached hereto and made a part hereof and identified as Exhibit "A."

9. Defendant Brian Malewski, upon information and belief, is an agent/employee of Defendant Admin Recovery, LLC and has a principal place of business located at 9159 Main Street, Clarence, NY 14031.

10. At all times relevant to this Complaint, Defendants Admin Recovery, LLC and Brian Malewski transacted business in the Eastern District of Pennsylvania and at other

locations throughout the United States, operating as a collection agency and a "debt collectors" as the term is defined by 15 U.S.C. § 1692a(6).

## TRIAL BY JURY

11. Plaintiff incorporates paragraphs 1 through 10 as if fully set forth at length herein.

12. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Constit. Amend. 7. Fed R. Civ. Pro. 38.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff incorporates paragraphs 1 through 12 as if fully set forth at length herein.

14. Plaintiff is alleged to have incurred a certain financial obligation.

15. The alleged obligation was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a credit card debt with a furniture store.

16. Due to circumstances beyond her control, Plaintiff allegedly fell behind on said obligation and became unable to make her monthly payments.

17. Plaintiff's account was assigned, sold or otherwise transferred to Defendant Admin Recovery, LLC.

18. On or about December 6, 2011, Defendant through an agent/employee who identified himself as "Brian" attempted to contact the Plaintiff at her place of employment.

19. Unable to reach the Plaintiff directly, "Brian" recorded and left a voicemail message for the Plaintiff.

3

20. Plaintiff's place of employment utilized a phone system in which messages are routed to employees' laptop computers.

21. When a message is retrieved, it is played through the laptop computer.

22. When Plaintiff listened to Defendants' voicemail recording, all nearby co-workers were able to hear the message.

23. Defendant Brian never identified himself as a debt collector, nor did he identify Admin Recovery as a debt collector.

24. Defendant Brian's voicemail informed Plaintiff that the recording was a "very important and urgent message."

25. Defendant Brian's voicemail informed Plaintiff that it was urgent that she contact him before 7:00 p.m. of that same day as a "pick up was being scheduled for Raymour & Flanagan Furniture."

26. Defendant Brian's voicemail informed Plaintiff that the matter he was calling in reference to possessed an "assigned pick up number."

27. Plaintiff, upon hearing the recorded message, was extremely embarrassed and frightened that her co-workers were made aware of her financial situation.

28. Plaintiff, upon hearing the recorded message, was extremely embarrassed and frightened with the belief that Raymour & Flanagan, through Admin Recovery, LLC, would attempt to repossess her furniture from within her home that evening while her husband and children would be present.

29. Neither Raymour & Flanagan nor Admin Recovery, LLC had initiated litigation with the Plaintiff or obtained a judgment against the Plaintiff through any means.

30. Upon information and belief, Raymour & Flanagan is not a secured creditor.

31. Defendants possessed then and currently possess no legal right whatsoever to "schedule" a repossession of the Plaintiff's furniture.

32. Defendants' communication as described herein violated numerous provisions of the FDCPA, including, but not limited to 15 U.S.C. 1962c(a)(3), 1962d(6), 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f(6) amongst others.

33. While attempting to collect the alleged debt from Plaintiff, Defendants utilized collection tactics that are abusive, harassing and deceptive; and that are contrary to the standards o civilized society and those of other collection agencies in its industry.

34. The acts and omissions of the Defendant Admin Recovery, LLC's agent/employee, who communicated with Plaintiff, as described herein, were committed within the time and space limits of his agency relationship with his principal, Defendant Admin Recovery, LLC.

35. The acts and omissions of the Defendant Admin Recovery, LLC's agent/employee were incidental to or of the same general nature, as the responsibilities Defendant Admin Recovery, LLC authorizes its agents to perform in collecting consumer debts.

36. In committing these acts and omissions against Plaintiff, Defendant Admin Recovery, LLC's agent/employee was motivated to benefit his principal, Defendant Admin Recovery, LLC.

37. Defendant Admin Recovery, LLC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions of its agent/employee conducted in violation of state and federal law, including, but not limited to, violations of the FCPDA.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692, et seq.

38. Plaintiff incorporates paragraphs 1 through 37 as if fully set forth at length herein.

39. The foregoing acts and omissions of the Defendants constitute numerous violations of the FDCPA, including, but not limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

40. As a result of the Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### COUNT II

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

### 73 P.S. § 2270.1, et seq.

### AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1, et seq.

41. Plaintiff incorporates paragraphs 1 through 40 as if fully set forth at length herein.

42. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

43. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

44. All of the above contacts by the Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

45. The foregoing acts and omissions of the Defendants constitute multiple violations of the FCEUA and UTPCPL, including, but not limited to 73 P.S. § 2270.4(a), as evidenced by the following unfair or deceptive conduct:

   a. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any debtor in connection with the collection of a debt;

   b. Contacting a Debtor about an alleged Debt at her place of employment;

   c. The placement of telephone calls without meaningful disclosure of the caller's identity;

   d. The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

   e. The use of any false representation or deceptive means to collect or attempt to collect any debt;

   f. The use of unfair of unconscionable means to collect or attempt to collect an alleged debt;

   g. The false representation of the character or legal status of any debt;

   h. More specifically, utilizing communications intended to deceive or create a belief in the Plaintiff that Raymour & Flanagan possessed the right to repossess the Plaintiff's furniture from her personal residence on the same day; *and*

   i. More specifically, utilizing communications intended to deceive or create a belief in the Plaintiff that Raymour & Flanagan would arrive at Plaintiff's personal residence and repossess the Plaintiff's furniture on the same day.

46. Defendants' acts, as described above, were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

47. As a result of the above violations of the FCUEA and the UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorneys' fees and costs.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant for:

### *COUNT I*

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;
- For an award of actual damages pursuant to 15. U.S.C. § 1692k(a)(1) against each and every Defendant;
- For an award of statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;
- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

### *COUNT II*

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- For an order entered enjoining the Defendants from continuing to communicate with Plaintiff in violation of the FCEUA and UTPCPL;

- For an award of actual damages pursuant to 73 P.S. § 201-9.2(a) against each and every Defendant;

- For an award of statutory damages pursuant to 73 P.S. § 201-9.2(a) against each and every Defendant;

- For an award of treble damages pursuant to 73 P.S. § 201-9.2(a) against each and every Defendant;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a).

Dated this 10th day of April, 2012.

By: /s/ Stephen F. Gehringer, Esq.
STEPHEN F. GEHRINGER, ESQ.
Attorney I.D. 87020
Law Office of Bruce Shaw
2735 Terwood Road
Willow Grove, PA 19090
267-374-4920

## VERIFICATION

DEBORAH FINLEY hereby states that she is the PLAINTIFF in this action and that the statements of fact made in the foregoing COMPLAINT are true and correct to the best of her information and belief.

Date: *April 10, 2012*

*Deborah Finley*
DEBORAH FINLEY

EXHIBIT "A"

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through April 19, 2012.

Selected Entity Name: ADMIN RECOVERY LLC
Selected Entity Status Information

Current Entity Name: ADMIN RECOVERY LLC
Initial DOS Filing Date: SEPTEMBER 04, 2008
County: ERIE
Jurisdiction: NEW YORK
Entity Type: DOMESTIC LIMITED LIABILITY COMPANY
Current Entity Status: ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
ADMIN RECOVERY LLC
5930 MAIN ST
WILLIAMSVILLE, NEW YORK, 14221

**Registered Agent**
NONE

This office does not require or maintain information regarding the names and addresses of members or managers of nonprofessional limited liability companies. Professional limited liability companies must include the name(s) and address(es) of the original members, however this information is not recorded and only available by viewing the certificate.

*Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| No Information Available | | |

*Stock information is applicable to domestic business corporations.

## Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| SEP 04, 2008 | Actual | ADMIN RECOVERY LLC |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results | New Search

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us